**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE SUBPOENA TO HAMMERTIME SPORTS, INC.<br><br>IN CONNECTION WITH:<br><br>NOUIS TECHNOLOGIES, INC., v. POLARIS INDUSTRIES, INC. ET AL.<br><br>CASE NO. 14-CV-233 (PENDING IN THE WESTERN DISTRICT OF WISCONSIN) | Case No. _____ |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

Nouis Technologies, Inc. ("Nouis Tech"), thje plaintiff in case No. 14-cv-233 pending in the U.S. District Court for the Western District of Wisconsin, seeks an order compelling non-party retailer Hammertime Sports, Inc. ("Hammertime") to produce certain concerning sales of products from Polaris Industries, Inc. of Delaware, Polaris Industries, Inc. of Minnesota, and Polaris Industries Manufacturing, LLC (collectively referred "Polaris") and the U.S. Patent No. 6,346,056 ("'056 patent"). The subpoena served by Nouis Tech is attached hereto as Exhibit A. After serving the subpoena, the same counsel representing the defendants in the aforementioned lawsuit emailed objections on behalf of Hammertime. Counsel for Nouis Tech and counsel for Hammertime then met and conferred. Even though Nouis Tech agreed to substantially narrow the scope of the requested documents, Hammertime has never actually agreed to produce <u>any</u> documents in response to the subpoena.

Nouis Tech seeks the following categories of documents from Hammertime: 1) documents sufficient to evidence the actual price of the CVTs and CVT components listed in Exhibit B (which presently comprise the products-in-suit) sold by Hammertime since March 28, 2008, as well as the number of units that were sold during the same time period; 2) documents sufficient to evidence how much Hammertime

1

paid Polaris for each clutch or clutch component listed in Exhibit B since March 28, 2008; 3) all documents that mention the '056 patent since March 28, 2008, and 4) all documents that mentions any accusation of infringement of any patent made to Hammertime that is directed at a Polaris branded product since March 28, 2008. *See* "8.25.14 Ltr to Konrad re Meet & Confer on Third Party Subpoenas," attached hereto as Exhibit C. The objections served by Hammertime's counsel recite a litany of objections; however, the meet-and-confer process focused on two of these objections. First, Hammertime objects that the requests are vague, overly broad, and unduly burdensome. Second, Hammertime objects that the information requested from Hammertime could also be obtained from Polaris. This latter objection is a more specific example of Hammertime's objection that the requested information is "unduly burdensome."

Neither objection has merit. As set forth in more detail below, the requested information is not available from Polaris—for example, only Hammertime can know exactly what it sold Polaris products for. In addition, the requests are not vague, overly broad, or unduly burdensome—given the concessions made by Nouis Tech during the meet-and-confer process the requested information can likely be retrieved in matter of seconds through a simple database query.

## BACKGROUND

This action relates to a patent infringement lawsuit brought by Nouis Tech against Polaris alleging that various products of Polaris infringe the claims of the U.S. Patent No. 6,346,056 ("'056 patent"). Nouis Tech alleges that Polaris's flyweights and clutches infringe the '056 patent. Polaris is the dominant provider of ATVs in the United States, with sales of at least tens of thousands (and likely hundreds of thousands) of ATVs each year, many of which incorporate CVTs and CVT components that infringe the '056 patent. Each ATV incorporates a Continuously Variable Transmission ("CVT") system including a primary clutch, a secondary clutch, and a belt. Each primary clutch employs a set of three or more flyweights.

Polaris promotes and markets its ATVs through its retailers, such as Hammertime. Polaris further sells ATV components, such as clutches and flyweights, to Hammertime and other dealers of Polaris. The

dealers themselves have the most complete, accurate, and up-to-date information concerning the retail prices and number of units of ATV components that they sell. The dealers of Polaris also have possession of information concerning how much they paid Polaris for ATV vehicles and ATV components. The actual sales prices and costs of Polaris's components are relevant to the patent royalty damage analysis Nouis Tech will set forth when its case reaches trial.

In addition to these documents, Nouis Tech seeks any information regarding the '056 patent and accusations of patent infringement that others have leveled against Polaris that Hammertime has knowledge of for a period of six years prior to Nouis Tech filing suit against Polaris.

In order to obtain the above information, Nouis Tech issued a subpoena to Hammertime, which was served on August 16, 2014. The subpoena is attached hereto as Exhibit A. On August 26, 2014, Hammertime emailed objections to Nouis Tech through counsel, which are attached hereto as Exhibit D. On August 25, 2014, counsel for Nouis Tech and counsel for Hammertime met and conferred via conference call regarding the subpoena. *See* Exhibit C. After the meet and confer, various discussions continued, but Hammertime has never agreed to produce documents. *See* Emails attached hereto as Exhibit E. In fact, counsel for Hammertime has never stated whether the requested documents exist, how many documents exist, or even in what form they exist (paper or electronic).

## **ARGUMENT**

Nouis Tech's motion to compel should be granted because (a) Hammertime cannot show that Nouis Tech's very narrow request is vague, overbroad or unduly burdensome, (b) the requested information is only available from Hammertime, and (c) Nouis Tech has shown that its particularized need for the requested information outweighs any interest Hammertime has in non-disclosure. The scope of discovery through a subpoena directed to a non-party from a party is the same as that applicable to a party to the lawsuit: i.e., a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 45 Advisory Committee Note (1970); Fed. R. Civ. P. 26(b)(1).

3

Hammertime's primary objection appears to be that Nouis Tech's subpoena to Hammertime is vague, overbroad and unduly burdensome. This objection should be rejected. First, the requested information is not vague. Nouis Tech specifically requests the sales price and number of units of an enumerated list of Polaris vehicle components sold by Hammertime, as well as the amount that Hammertime paid to Polaris for each of the same. The sales data along with the price that Hammertime paid to Polaris for the sold vehicle components are unambiguous, clear and specific. In addition, Nouis Tech seeks any document that mentions that '056 patent for a period of six years preceding the lawsuit, and any document related to an accusation of patent infringement against Polaris's products for a period of six years preceding the lawsuit. Accordingly, Nouis Tech's requests are not vague.

Second, the requested information is not overbroad, but limited in nature. The requested information pertains to 1) Polaris vehicle components that are accused of infringement in the underlying suit; 2) the '056 patent, which is at the heart of the underlying suit, and 3) other accusations of patent infringement leveled at Polaris, which is also clearly relevant to the underlying suit. Accordingly, the requested information is not overbroad.

Third, Hammertime objects that providing the requested information would be unduly burdensome. All of the information sought is *likely* stored in electronic form, and as such, can likely be retrieved with a simple database query in a matter of seconds. Accordingly, there is little, if any burden, on Hammertime. In addition, Hammertime's counsel—the same counsel representing Polaris in the underlying lawsuit—claims that the same information can be obtained from Polaris. However, as summarized below, the requested information is likely <u>not</u> available from Polaris with one exception (which it is also not unduly burdensome to produce).

To start, Nouis Tech seeks documents sufficient to evidence the actual price of an enumerated list of clutch components sold by Hammertime, as well as the number of units that were sold. It is exceedingly unlikely that Polaris has access to this information.

Nouis Tech also seeks documents sufficient to evidence how much Hammertime paid Polaris for the enumerated list of clutch components that were later sold by Hammertime. It is conceivable that Polaris has access to this information, as it seeks documents showing money paid by Hammertime to Polaris, which Polaris must have had access to at some time. However, Hammertime has not presented any evidence showing that Polaris has maintained this information. In addition, despite being served with a request for production directed to this information early in the above litigation, Polaris has not produced the same. Furthermore, retrieving this information will likely require minimal time—perhaps seconds—as the information is likely stored in a database and can be easily retrieved with a simple database query.

In addition, Nouis Tech seeks documents in Hammertime's possession that mentions the '056 patent. Such a document would be, for example, a communication from a third-party about the '056 patent. Unless Hammertime provided such information to Polaris, Polaris would not have access to this information.

Finally, Nouis Tech seeks any documents that mention any accusation of infringement of any patent made to Hammertime that is directed at a Polaris branded product. Again, unless Hammertime provided such information to Polaris, Polaris would not have access to it.

## CONCLUSION

For the reasons stated herein, Nouis Tech respectfully prays that the Court grant its motion to compel, and order Hammertime to produce 1) documents sufficient to evidence the actual price of the CVTs and CVT components listed in Exhibit B sold by Hammertime, as well as the number of units that were sold; 2) documents sufficient to evidence how much Hammertime paid Polaris for each of the listed CVTs and CVT components sold by Hammertime; 3) all documents that mention the '056 patent and 4) all documents that mention any accusation of infringement of any patent made to Hammertime that is directed at a Polaris branded product.

                                                                         NOUIS TECHNOLOGIES, INC.

Date:  April 20, 2015                                                     By:  /s/ Konrad Sherinian
                                                                                                 An attorney for plaintiff

<u>Attorneys for Nouis Technololgies, Inc.</u>

Konrad Sherinian
E-Mail: ksherinian@sherinianlaw.net
Depeng (Edward) Bi
E-Mail: ebi@sherinianlaw.net
THE LAW OFFICES OF KONRAD SHERINIAN, LLC
1755 Park Street, Suite # 200
Naperville, Illinois 60563
Telephone: (630) 318-2606
Facsimile: (630) 318-2605